United States District Court
Southern District of Texas
**ENTERED**
January 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB REA'SHAW HERNDON, §<br>*Plaintiff*, § <br> § | | |
| v. § | CIVIL ACTION NO. 4:22-cv-4346 | |
| § | | |
| SEAL SECURITY & OFFICER GRIFFIN, § <br> *Defendants*. § | | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a form Complaint for Violation of Civil Rights (Non-Prisoner Complaint) under 42 U.S.C. § 1983.[1]  ECF 1 at 1-2.  Plaintiff alleges that, on August 2, 2022, he was sitting in his car when he was approached by "the Security" and told that "[he] couldn't sit on the side of Workforce" and that he was "harass[ed]."  *Id.* at 2.  Naming "Seal Security" and "Griffin" as Defendants, he brings this action for claims of "14th Amend," "Griswold vs. Connecticut," "a clear Invasion of Privacy," "Substantive due process," and "The right to privacy."  *Id.*  The Court recommends that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed with prejudice.

The Court should dismiss this case *sua sponte* because Plaintiff was granted leave to file this case in forma pauperis pursuant to 28 U.S.C. § 1915.  *See* Case No. 4:22-MC-01606.  When a Plaintiff proceeds under Section 1915, the court "**shall dismiss the case at any time** if the court determines" that the case is frivolous or malicious or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (emphasis added); *Provino v. Suisse*, No. 1:21-CV-143,

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

2021 WL 3751163, at *2 (E.D. Tex. July 28, 2021) (recommending sua sponte dismissal under 28 U.S.C. § 1915(e)(2) because "Plaintiff's claims are improbable, attenuated, unsubstantial, frivolous, and devoid of merit.").

Generally, "constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991). Thus, a litigant claiming a violation of constitutional rights must first establish that the conduct he challenges constituted "state action." *See Blum v. Yaretsky*, 457 U.S. 991, 1002-05 (1982). Here, Plaintiff appears to bring a claim for "harassment" against a private security firm and one of its officers. Plaintiff makes no allegation that either the firm or its agent was acting on behalf of a governmental entity. Accordingly, Plaintiff fails to state a claim under 42 U.S.C. § 1983. For these reasons, the Court RECOMMENDS that Plaintiff's claims for Violation of Civil Rights (Non-Prisoner Complaint) be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 03, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge